UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | |
| M S INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | JUNE 3, 2022 |

## COMPLAINT

Plaintiff, **ERIC KELLY**, by and through her undersigned attorneys, now come before this Court and complain of **M S INTERNATIONAL, INC.** as follows:

### Jurisdiction and Venue

1. The plaintiff, **ERIC KELLY**, at all times relevant hereto resided in the City of New Haven, State of Connecticut.

2. The defendant, **M S INTERNATIONAL, INC.**, is a foreign corporation duly established by organized and existing under the law of the State of California with a business address of 2095 N. Batavia Street, Orange, California.

3. The claims herein are brought against defendants, **M S INTERNATIONAL, INC.**, pursuant to 42 U.S.C. § 1332, for monetary damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and/or omissions of its agents, servants, and/or employees of the **M S INTERNATIONAL, INC.** while acting within the scope of their agency, servant, and/or employment and/or offices.

**STATEMENT OF FACTS:**

4. At all times mentioned herein, the defendant, **M S INTERNATIONAL, INC.**, its agents, servants and/or employees, owned, possessed, managed, controlled and/or maintained the premises and/or merchandise located at 111 Universal Drive North, North Haven, Connecticut.

5. On July 10, 2020, and at all times mentioned herein, the plaintiff, **ERIC KELLY**, was lawfully on the subject premises, looking at flooring tile, stacked in cases on the tile edges, with the tile tread surfaces perpendicular to the floor and facing the aisle, on a wooden pallet on a shelf about three (3) feet above the floor. A loose tile and/or tiles were stacked horizontally and parallel with the floor on top of the aforementioned tiles in cases stacked on the wooden pallet on the shelf.

6. At that time and place, the Plaintiff lifted a horizontally stacked tile or tiles and a case of the tiles stacked vertically fell forward and down from the shelf thereby causing the plaintiff to suffer the injuries and losses more fully set forth below.

**COUNT I - NEGLIGENCE VS. M S INTERNATIONAL, INC.:**

7. The defendant, **M S INTERNATIONAL, INC.**, is vicariously liable for the negligent acts of its agent, servant and/or employee.

8. The incident was caused by the negligence of the defendant **M S INTERNATIONAL, INC.**, its agents, servants and/or employees, in one or more of the following ways:

   a) In that they failed to properly store the tiles on the shelf in a reasonably safe, secure, and stable condition;

   b) In that they caused, allowed and/or permitted the tiles to be stored in a manner that they were likely to fall and injure others;

c) In that they failed to post proper caution signs or otherwise failed to warn others, including the Plaintiff, of the dangerous, defective, and unsafe condition and falling hazard presented by the tiles;

d) In that they failed to make a proper and reasonable inspection of the shelving and tiles to discover the dangerous, defective and unsafe condition of the tiles;

e) In that they failed to train or properly train, advise and supervise its agents, servants and/or employees on a safe method to stack, secure, and store tiles on the store shelves;

f) In that they failed to store, package and/or stack the tiles in a manner that eliminated or reduced the possibility that they would fall and injure the Plaintiff;

g) In that they failed to train and/or instruct its agent, servants and/or employees to inspect to determine whether or not the tiles were stored and/or packaged in a stable, secure, and safe manner;

h) In that they failed to establish and/or failed to follow procedures for detecting and eliminating dangerous conditions:

i) In that they failed to establish and/or follow procedures to protect others, including the Plaintiff, from tiles falling;

j) In that they knew or should have known of the defective, dangerous and hazardous condition of the tiles and the risk it posed to the Plaintiff and they failed to correct it;

k) In that they stored and/or packaged tiles in a manner that created an unsafe, dangerous and defective condition that prevented others, and the Plaintiff in particular, from safely and easily accessing the tiles;

l) In that they created the defective, dangerous, and unsafe condition with their design of improper storing, stacking, packaging, and/or placing of the tiles; and/or

m) The dangerous, unsafe and defective condition of the tiles existed for sufficient time for the Defendant, its agents, employees and/or servants in the exercise of reasonable care to have discovered and taken action to remedy the condition before harm was done, including by moving the tiles, setting a barrier across the shelf edge, and/or securing the tiles in a manner to prevent them from falling but they failed to do so.

9. The plaintiff, **ERIC KELLY**, was injured as a direct result of the incident, the same having been directly and proximately caused by the negligent acts of the defendant, **M S INTERNATIONAL, INC.**, its agents, servants and/or employees.

**DAMAGES:**

10. As a result of the negligence of the defendant, **M S INTERNATIONAL, INC.**, its agents, servants and/or employees, the plaintiff, **ERIC KELLY**, suffered the following injuries, some or all of which may be permanent in nature:

   a. second metatarsal base fracture of the right foot;

   b. healed fracture deformity of the second metatarsal of the right foot with full thickness articular cartilage defects in the talonavicular joint involving a dorsal projecting osteophyte off the navicular;

   c. tenosynovitis of the extensor longus tendon at the level of the right anterior talus;

   d. left great toe fracture;

   e. swelling, contusion, neuralgia, edema of the feet and toes;

   f. permanent disability of the right foot, left foot and left great toe; and

   g. Pain and suffering, both mental and physical.

11. As a further result of the negligence of the defendant, **M S INTERNATIONAL, INC.**, its agents, servants and/or employees, the plaintiff, **ERIC KELLY**, was forced to expend large sums of money for hospital and medical care, medicines, diagnostic tests and therapy, all necessary to his recovery, and may be forced to expend additional sums in the future.

12. As a further result of the negligence of the defendant, **M S INTERNATIONAL, INC.**, its agents, servants and/or employees, the plaintiff, **ERIC KELLY**, was unable, and remains unable, to participate in and enjoy his usual activities.

13. As the result of the negligence and carelessness of the Defendant, its agents, servants and/or employees as aforesaid and the Plaintiffs resulting injuries, the Plaintiff has been, and in the future, may be caused to lose time from his employment and has suffered a sustained loss of earnings and/or earning capacity.

14. As a further result of the negligence and carelessness of the of the Defendant, its agents, servants and/or employees, the Plaintiff fears that the injuries sustained will result in future treatment, suffering and harm

## PRAYER FOR RELIEF

**WHEREFORE,** in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on **M S INTERNATIONAL, INC.** the plaintiff demands a judgment for damages against **M S INTERNATIONAL, INC.** in addition to any further relief the Court deems just and equitable.

Dated this 3rd day of June, 2022.

                                        THE PLAINTIFF
                                        ERIC KELLY

By: _____
      Garrett M. Moore, Sr., Esq.- (ct05673)
      Moore, O'Brien & Foti
      891 Straits Turnpike
      Middlebury, CT 06762
      Phone: 203-272-5881
      Email: gmoore@mojylaw.com

**THE PLAINTIFF DEMANDS TRIAL BY JURY**